# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RONALD RALPH HOXIE,<br><br>                                Debtor.<br>_____<br>RONALD RALPH HOXIE,<br><br>                               Appellant,<br>  vs.<br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION; EDFUND; CALIFORNIA STUDENT AID COMMISSION,<br><br>                               Appellees. | CASE NO. 06 CV 1101 JM (AJB)<br><br>**ORDER AFFIRMING BANKRUPTCY COURT** |

      Appellant-debtor, acting pro se, appeals the bankruptcy court's decision dismissing his "civil contempt" complaint against Appellees, arising out of Appellee Educational Credit Management Corporation's ("ECMC") collection efforts on Appellant's student loans. Appellees herein are Edfund, California Student Aid Commission ("CSAC"), and ECMC. This court has jurisdiction pursuant to 28 U.S.C. § 158(c)(1). The issues to be decided on appeal are (1) whether the appeal is timely and (2) whether the bankruptcy court erred in dismissing Appellant's complaint on the ground that his student loans were never discharged and therefore it was not unlawful

for Appellees to collect on them. After reviewing the record in this case, the court finds that the bankruptcy judge properly dismissed Appellant's complaint. Accordingly, the bankruptcy court is **AFFIRMED**.

## I. BACKGROUND

In 1992, Appellant filed for Chapter 7 bankruptcy, which resulted in a Discharge of Debtor order ("DDO") issued April 15, 1993. Thereafter, ECMC acquired the student loans at issue and began collection efforts on them. In response, Appellant filed a complaint in the bankruptcy court alleging that such collection efforts were in violation of the DDO because the student loans had been discharged in bankruptcy. Appellant's complaint sought damages for "civil contempt."

ECMC moved to dismiss the complaint for failure to state a claim. The bankruptcy court granted the motion and dismissed the complaint on the ground that under the bankruptcy code, student loans are excepted from discharge:

> It is well-settled law that student loan debts are presumptively nondischargeable in bankruptcy pursuant to [11 U.S.C.] § 523(a)(8). *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004). It is also well settled that § 523(a)(8) is "self-executing," and a debtor must affirmatively initiate an adversary proceeding to determine the student loan debt is discharged. *Tenn Student Assistance* at 450.

Appx., Ex. E at 3.[1] Since Appellant never initiated such a proceeding, the bankruptcy court provided, the student loans were never discharged and therefore it was not unlawful for Appellees to collect on them. Id. at 5. This brings us to the present appeal.

Edfund and CSAC have filed a joint brief in this appeal; ECMC filed a separate brief. Both briefs contain the same arguments. Since Edfund and CSAC's brief is the more substantial one, the court will refer only to that brief in this order.

//

//

## II. STANDARD OF REVIEW

---

[1] "Appx." refers to "Appendix to Brief of Appellees Edfund and California Student Aid Commission."

- 2 -                                                                 06cv1101

Under Bankruptcy Rule 8013, this court may affirm, modify or reverse a bankruptcy court's judgment, order or decree or remand with instructions for further proceedings. Rule 8013[2] also provides that findings of fact shall not be set aside upon appeal unless such findings are clearly erroneous. Questions of law or mixed questions of law and fact are generally reviewed de novo. See In re Eastman, 188 B.R. 621, 624 (9th Cir. BAP (Cal.) 1995). This appeal presents a mixed question of law and fact and therefore de novo review applies.

### III. TIMELINESS OF THIS APPEAL

In order for a district court to have jurisdiction over a bankruptcy appeal, the appellant must have filed a timely notice of appeal under Rule 8002. In re Souza, 795 F.2d 855, 857 (9th Cir. 1986). Rule 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."

Here, the bankruptcy court issued its Memorandum Decision dismissing the complaint on January 19, 2006 and judgment was entered March 21, 2006. Appx., Exs. E, F. Thus, in order to be timely, Appellant's notice of appeal must have been filed no later than 10 days after March 21, 2006. Appellant did not file his notice of appeal until May 11, 2006, rendering this appeal untimely under Rule 8002(a).

However, the parties dispute whether the time for filing notice of appeal is tolled under Rule 8002(b) due to Appellant's having filed in the bankruptcy court, on February 15, 2006, a motion for reconsideration ("MFR") of the Memorandum Decision. The MFR was eventually denied on May 4, 2006. Rule 8002(b) provides in relevant part,

> **(b) Effect of Motion on Time for Appeal.** If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion: (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the

---

[2] "Rule" refers to the Federal Rules of Bankruptcy Procedure unless otherwise indicated.

- 3 -    06cv1101

>     judgment; (2) to alter or amend the judgment under Rule 9023; (3) for a new trial under Rule 9023; or (4) for relief under Rule 9024 if the motion is filed no later than 10 days after the entry of judgment.

Fed. R. Bank. P. 8002(b). Therefore, in order to toll the time for appeal, the motion must be (1) of an enumerated type and (2) timely.

### A.     **Enumerated Type**

Appellees argue that since a MFR is not one of the enumerated motions in Rule 8002(b), it cannot toll the time for appeal in this case. Appellees' Brief at 2. Appellees also argue that even if the MFR <u>were</u> enumerated in Rule 8002(b), the rule only allows tolling for <u>timely</u> motions, and the bankruptcy judge here found the motion for reconsideration here <u>untimely</u>. <u>Id.</u>; <u>see</u> Appx., Ex. J. In response, Appellant argues that the MFR tolls time for appeal here under Rule 8002(b) because if it had been granted, the MFR would have amended the findings of fact and altered the judgment. <u>See</u> Reply at 2.

Appellant has the stronger argument here. While Appellees are correct that Rule 8002(b) does not expressly provide for "motions for consideration", the court finds this to be an immaterial semantic difference under the circumstances. Appellant was proceeding <u>pro se</u> when he filed the MFR and his pleadings should be liberally construed. <u>Maleng v. Cook</u>, 490 U.S. 488, 493 (1989). Rule 8002(b) allows tolling for motions "to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment"[3] as well as motions "to alter or amend the judgment under Rule 9023."[4] Appellant's "motion for reconsideration" asked the bankruptcy court to alter its findings. <u>See</u> Appx., Ex. G. Therefore, it reasonably appears that the MFR was, in substance, one brought under Rule 7052 or alternatively

---

[3] Rule 7052 provides that FRCP 52 applies in adversarial bankruptcy proceedings. FRCP 52(b) allows a court, upon a party's motion filed no later than 10 days after entry of judgment, to amend its findings or make new findings, and to amend the judgment accordingly.

[4] Rule 9023 adopts FRCP 59 ("New Trials; Amendment of Judgments").

1  Rule 9023. Viewed in this way, the MFR is, in effect, one of the enumerated motions
2  in Rule 8002(b) that tolls the time for appeal. Moreover, common sense would dictate
3  that the time to appeal would not begin to run until the bankruptcy court ruled on the
4  merits of a timely MFR. Indeed, this seems to be the policy behind Rule 8002(b).
5  Therefore, the court finds that Appellant's "motion for consideration" falls within the
6  class of motions that toll the time to appeal under Rule 8002(b).

### B.     Timeliness of the MFR

Appellees correctly point out that the bankruptcy judge found Appellant's motion for reconsideration untimely. In the bankruptcy court's May 4, 2006 minute order denying the MFR, the bankruptcy judge found that the MFR was filed on April 10, 2006 and therefore late. Appx., Ex. J. The date on which the MFR was filed is a finding of fact that can be reversed only if clearly erroneous. Rule 8013. Here, the finding that the MFR was filed on April 10, 2006 was clearly erroneous. In its minute order, the bankruptcy judge deemed the MFR untimely because "the order dismissing the complaint with prejudice was entered 3/22/06; this motion was not filed until 4/10/06." Appx., Ex. J. However, the record shows that the MFR was filed February 15, 2006. See id., Ex. G (showing MFR was filed on "06 FEB 15"). The court finds that the MFR was filed on February 15, 2006, not April 10, 2006 as provided in the bankruptcy court's minute order.

Therefore, this court must make its own determination as to whether the MFR was timely made. A timely motion under either Rule 7052 or Rule 9023(e), which is how the court construes the MFR, must be made no later than 10 days after entry of judgment. The MFR was filed on February 15, 2006 and judgment was not entered until March 22, 2006. Thus, the MFR was timely made.

Since the timeliness hurdle is overcome, and since court construes the MFR as one of the enumerated motions in Rule 8002(b), then the MFR tolls the time for appeal under Rule 8002(b). The next question is how much time is tolled. Because the MFR was denied on May 4, 2006, see Appx., Ex. J, the ten-day period for filing notice of

appeal began to run on that date. See Rule 8002(b) (providing that time for appeal runs from the entry of the order disposing of the last motion outstanding).  Appellant filed his notice of appeal on May 11, 2006, less than ten days after the MFR was denied. Therefore, this appeal is timely and the court has jurisdiction to address its merits.

## IV. MERITS OF THE APPEAL

The bankruptcy court found that since Appellant never initiated an adversarial proceeding to determine their dischargeability, his student loans were never discharged and therefore it was not unlawful for Appellees to collect on them:

> It is well-settled law that student loan debts are presumptively nondischargeable in bankruptcy pursuant to [11 U.S.C.] § 523(a)(8).[5] *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 450 (2004).  It is also well settled that § 523(a)(8) is "self-executing," and a debtor must affirmatively initiate an adversary proceeding to determine the student loan debt is discharged. *Tenn Student Assistance* at 450.

Appx., Ex. E at 3; see also NORTON BANKRUPTCY LAW AND PRACTICE 2D § 47:52 ("Code § 523(a)(8) is self-executing in that the burden is on the debtor to bring a complaint in the bankruptcy proceeding or defend in a subsequent state court action.").

Appellant contends that the bankruptcy court erred when it failed to apply the law in effect on February 7, 1992, the date on which he filed his petition for bankruptcy. According to Appellant, the law in effect at that time put the burden on Appellants to establish in an adversarial proceeding, which they never did, that his student loans fell within the class of loans excepted from discharge pursuant to Section 523(a)(8).  See Appellant's Brief at 9-10.  However, the cases on which Appellant relies, In re Norman, 25 B.R. 545 (Bankr. S.D. Cal. 1982) and In re Webb, 132 B.R. 199 (Bankr. M.D. Fla. 1991), do not support his argument.  Those cases discuss a creditor's burden of proof in an action filed by the debtor to establish dischargeability of loans excepted from discharge under Section 523(a)(8).  Appellant has never filed such an action with respect to the student loans here (a fact Appellant does not dispute), so In re Norman and In re Webb are inapplicable.  Absent such an action, Appellant's student loans are

---

[5]Section 523(a)(8) excepts certain educational loans from discharge.

presumptively nondischargeable. <u>Tenn. Student Assistance Corp. v. Hood</u>, 541 U.S. 440, 450 (2004). Accordingly, the bankruptcy court correctly found that Appellees did not act unlawfully in their collection efforts. Dismissal of the complaint alleging violation of the DDO was therefore proper.

Finally, Appellant argues that to the extent the bankruptcy court relied on <u>Hood</u> to support its decision, <u>Hood</u> was decided in 2004 and does not apply to his 1993 bankruptcy discharge. Appellant further argues that to apply <u>Hood</u> here would violate the Ex Post Facto clause. Reply at 6. The court rejects this argument because the Ex Post Facto Clause applies only to criminal statutes, not civil statutes such as the bankruptcy code. <u>Calder v. Bull</u>, 3 U.S. 386 (1798).

## V.     REQUEST FOR SANCTIONS AND COSTS/FEES

Edfund and CSAC have requested "that the Court, on its own motion, levy sanctions against [Appellant] Hoxie for filing a frivolous and procedurally defective appeal. Should the court choose not to do so, appellees reserve their rights to bring a separate motion seeking sanctions against Hoxie[.]" Appellees' Brief at 20. Appellant's arguments <u>are</u> frivolous in that none of the authorities he cites support his arguments, he mischaracterizes the holdings of cases, and the questions presented on the appeal's merits are not close by any means. However, Appellant prevails on the timeliness issue and he is acting <u>pro se</u>; these considerations tip the balance against a finding of frivolousness. Therefore, the court declines Edfund and CSAC's invitation to issue sanctions <u>sua sponte</u>.

Edfund and CSAC also ask for costs and reasonable attorney's fees incurred as a result of this appeal. Bankruptcy Rule 8014 provides "[e]xcept as otherwise provided by law, agreed to by the parties, or ordered by the district court or the bankruptcy appellate panel, costs shall be taxed against the losing party on an appeal." Since Appellant is the losing party on this appeal, the court awards Edfund and CSAC their

costs pursuant to Rule 8014.[6]

As for reasonable attorney's fees, Bankruptcy Rule 8020 gives this court authority to award "just damages and single or double costs to the appellee", but only after the filing of a separate motion and Appellant has had an opportunity to respond.[7] Edfund and CSAC include their request for fees in their appellate brief, not in a separate motion, and therefore their request must be denied pursuant to Rule 8020. Higgins v. Vortex Fishing Sys., Inc., 379 F.3d 701, 709 (9th Cir. 2004) (citing In re Del Mission, 98 F.3d 1147, 1154 (9th Cir. 1996)) (denying appellee debtor's request for fees incurred in defending appeal when such request was made in appellate brief, not in separate motion as required by Fed. R. App. P. 38).

**VI. CONCLUSION**

The bankruptcy court is **AFFIRMED** and costs are awarded to Edfund and CSAC.

**IT IS SO ORDERED.**

DATED: November 13, 2006

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All Parties

---

[6] Appellee ECMC does not request costs.

[7] Rule 8020 provides in full, "If a district court or bankruptcy appellate panel determines that an appeal from an order, judgment, or decree of a bankruptcy judge is frivolous, it may, after a separately filed motion or notice from the district court or bankruptcy appellate panel and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Rule 8020 conforms to the language of Federal Rule of Appellate Procedure 38. See Advisory Committee Note to Rule 8020 (1997).